SHIREY v. HILL.

Opinion delivered December 17, 1906.

1. HUSBAND AND WIFE—SEPARATION—MAINTENANCE.—If a husband and wife are living apart, he may validly bind himself to render her a separate maintenance. (Page 139.)

2. AGREEMENT TO PAY ALIMONY IN FUTURE—ENFORCEMENT.—In a suit to enforce an agreement of a husband to pay alimony to his wife, it was not error to render decree, not only for the amount accrued at the time the decree was rendered, but also for the amounts that should accrue in the future, and to order that execution should issue for the separate monthly payments as they become due. (Page 140.)

Appeal from Lawrence Chancery Court; *George T. Humphries*, Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellee, by her next friend, F. A. Hill, brought this action, and alleged that she was a minor under eighteen years of age, that she and appellant were married on the 29th day of February, 1904, and lived together until the 24th day of May, 1904. That appellee, by her next friend, brought suit for a divorce from this appellant, and that, in consideration of a certain written contract, she dismissed her cause of action for divorce on the 12th day of January. The contract that is the foundation of this suit is as follows:

"This agreement made and entered into by and between A. W. Shirey, of Lawrence County, Arkansas, and Mrs. F. A. Hill, as the next friend of her daughter, Fairbelle Shirey, wife of the said A. W. Shirey, and Fairbelle Shirey, his said wife:

"Witnesseth, that whereas there is now pending in the Lawrence Chancery Court a suit in which the said Fairbelle Shirey, by her next friend, the said F. A. Hill, is plaintiff, and the said A. W. Shirey is defendant, for divorce and alimony. It is understood and agreed that the said suit shall be dismissed by the said plaintiff on the 12th day of January, 1905, with the understanding that it shall be without prejudice to the said plaintiff of any right or cause of action she might now have under the laws of this State. It is further understood that the said defendant agrees to pay the sum of twenty-five dollars per month to the said plaintiff on the first day of each month during the year 1905 for her maintenance as his wife."

(Here follow stipulations as to future employment of counsel, not material here.)

Appellee alleges compliance with the contract on her part, and says that appellant refused to carry out his part of the contract, and prayed for a decree compelling appellant to carry out his contract for the year 1905, and for such equitable relief as she might be entitled to.

Appellant demurred to the complaint on the ground that it did not state a cause of action, and for the further reason that the court was without jurisdiction. The court overruled the demurrer, and appellant excepted. Appellant then answered, and denied, among other things, that plaintiff had been ready and willing at all times to carry out her part of the contract sued on; alleged that Fairbelle Shirey had abundant separate estate out of which to pay for her maintenance; and further set forth facts sufficient to constitute a cause of action for a divorce against her.

Appellee demurred generally to the answer, and the court sustained the demurrer as to the cause of action set up subsequent to the contract.

Appellant excepted. Thereupon the court rendered judgment in favor of appellee as follows:

"The court upon complaint and contract as set out therein finds that the defendant, A. W. Shirey, is due said plaintiff, F. A. Hill, as next friend for Belle Shirey, the sum of $200 for the months of February, March, April, May, June, July, August and September, 1905, and there will be due under said contract for the months of October, November and December, 1905, $25 for

each of said months, payable the first of each month. It is therefore ordered, decreed and adjudged that the plaintiff have and recover of and from defendant the sum of $275, as follows: $200 at the rendition of this decree; and $75 payable, October 1, 1905, $25; due November 1, 1905, $25; and $25 due December 1, 1905, and the cost of this action; and that an execution may issue at the expiration of ten days for the amount due now, and an execution may issue for the separate monthly payments as may become due. A period of ten days to be allowed on each installment after its maturity before execution may issue."

To which action of the court in rendering said decree appellant excepted, and prayed an appeal, which was granted.

*Campbell & Suits,* for appellant.

1. The complaint alleged a cause of action on contract wherein the remedy at law was adequate and complete.

The chancery court had no jurisdiction. 7 Ark. 520; 13 Ark. 625; 26 Ark. 649; 27 Ark. 97; *Id.* 158; 48 Ark. 331.

2. If this is an action on contract, chancery has no jurisdiction. *Supra.* If it is an action for maintenance, the court erred in sustaining the plaintiff's demurrer to defendant's answer, since the answer averred all necessary facts to entitle him to a divorce under the statute. Kirby's Digest, § 2672.

3. It was error to render judgment for sums of money not due when the suit was filed. 14 Ark. 427; 21 Ark. 495; 22 Ark. 572.

*W. E. Beloate,* for appellee.

Equity only has jurisdiction between husband and wife. 67 Ark. 25; 54 Ark. 172.

Wood, J., (after stating the facts.) Alimony, in general terms, "is the allowance which a husband pays by order of court to his wife while living separate from him." 2 Bishop, Marriage, Divorce and Separation, § § 1385-6.

A separate suit for alimony, under our statute, may be maintained, and is cognizable only in a court of equity. Kirby's Digest, § 2675; *Wood* v. *Wood,* 54 Ark. 172.

Mr. Bishop says: "Since parties may validly bargain to do whatever accords with their legal rights and duties, * * * if a husband and wife are living apart, he may * * * validly

bind himself to render her a specific maintenance." 2 Bishop, Marriage, Divorce and Separation, § 1261. In *Harshberger* v. *Alger,* 31 Gratt. 52 at page 60, the doctrine is announced that courts will generally uphold and enforce against the husband such conveyances and covenants as he may have made for the maintenance of his wife, provided the separation has actually taken place, or is contemplated as immediate, and the provision for the wife is made through the intervention of a trustee, and the parties have not subsequently come together again. Citing authorities.

The complaint, though not as fully and technically accurate as it should have been, nevertheless stated a cause of action for alimony.

Second. The court did not err in rendering a decree for the amount that had accrued under the contract at the time the decree was rendered, and the amount that should accrue, and in ordering that execution should issue for the separate monthly payments as they became due.

The complaint asked for "such equitable relief as the complainant was entitled to." The chancery court evidently took jurisdiction of the cause as a suit for alimony, and treated the contract as the basis of the amount which should be allowed. This was correct. Appellant specified that sum in his contract. The statute provides that "the court may enforce the performance of any decree or order for alimony and maintenance by sequestration of the defendant's property, or that of his securities, or by such other lawful ways and means as are according to the rules and practice of the court." Kirby's Digest, § 2682.

Mr. Bishop says: "In some courts an execution, or series of executions, may be issued for the alimony ordered." 2 Bishop, Marriage, Divorce and Separation, § 1094.

The court, having taken jurisdiction to enforce the contract between appellant and appellee as for alimony, was expressly authorized by our statute to proceed in the manner indicated by its decree to enforce its decree. This was in accord with well-recognized methods of chancery procedure in other jurisdictions. See cases cited by Mr. Bishop under § 1094, *supra.* Another well-recognized method is by contempt proceeding. See *Casteel* v. *Casteel,* 38 Ark. 477.

Appellee's demurrer to appellant's answer was overruled except as to that part which alleged that appellee did not have a cause of action in equity. But appellant did not pretend to adduce proof to support the allegations of his answer. The allegations of the complaint, sufficient to entitle appellee to the relief sought and granted, were not denied, and they were moreover supported by the terms of the contract.

Finding no error, the decree is affirmed.

BATTLE and McCULLOCH, JJ., concur in so much of the opinion as affirms the decree for the matured amounts under the contract, but dissent from that part of the opinion which holds that the court below properly decreed payment of amounts falling due in the future and awarding execution therefor.

This is a suit on contract, not a suit for alimony. The status of the parties, and not the nature of the cause of action, gives jurisdiction to the chancery court. The fact that the contract is one for alimony does not render the suit any the less a suit on contract. They are of the opinion that the decree should be reversed as to future payments.