## McDANIEL *v.* ORNER.

### Opinion delivered June 21, 1909.

1.  INJUNCTION—BREACH OF CONTRACT.—Wherever a contract is one of a class the performance of which will be specifically enforced, a court of equity will restrain its breach by injunction, if this is the only practical mode of enforcement which its terms permit. (Page 173.)

2.  SAME—BREACH OF CONTRACT TO AWARD PRIZE.—Where a newspaper publisher undertook at the end of a stated time to award a piano as a prize to the successful contestant in a popularity contest, but no particular piano was set apart to be awarded, the remedy of the successful contestant at the end of the time named is at law to recover judgment for the value of the prize wrongfully withheld, and equity will not enjoin the publisher from prolonging the contest to a later date or awarding the prize to another contestant, even upon allegations of the publisher's insolvency. (Page 174.)

Appeal from Nevada Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Hamby & Haynie,* for appellant.

1. The complaint alleges facts sufficient to constitute a cause of action. The agreement was a lawful one. 6 Words & Phrases, 5612, "Prize."

2. The court had jurisdiction. There was no adequate remedy at law. Appellees were trustees for contestants. 27 Am. & Eng. Enc. Law, (1 Ed.) 11 and 12. Chancery always enforces a trust, and interferes to prevent or correct fraud. 75 Ark. 52; 77 *Id.* 570; 37 *Id.* 286; 34 *Id.* 410; 30 *Id.* 86; 33 *Id.* 429; 14 Pet. 114.

3. If the chancery court had no jurisdiction, it should have transferred the cause to the law court. 37 Ark. 286; 27 *Id.* 585; 49 *Id.* 20.

*McRae & Tompkins* and *D. L. McRae,* for appellees.

1. Courts do not entertain "fishing bills." 51 Ark. 12; 48 Ark. 311.

2. The remedy at law was adequate and complete. 67 Ark. 441; 61 Ark. 515; 58 C. C. A. 97.

3. Equity will not restrain the breach of a contract where it could not enforce specific performance. 20 L. R. A. 433; Bispham, Pr. of Eq., 42.

McCulloch, C. J. Appellees are the proprietors, editors and publishers of two newspapers, a weekly and a daily, in the city of Prescott, Arkansas, and in order to swell the list of subscribers to said papers they offered a prize to contestants who should receive the highest number of votes in what was termed a "popularity contest," the privilege of casting a certain number of votes to be accorded to each cash subscriber. The circulation territory was divided into seven districts, and a prize was allotted to each district, and also two grand prizes for the whole territory, the first consisting of a piano, valued at $450, and the second a buggy, valued at $75. The contest was to be closed on September 23, 1908.

Mrs. Lizzie McDaniel, the appellant, was nominated by her friends as one of the contestants for a grand prize, and seems to have received their enthusiastic support, for on the day of the last count and publication of the number of votes cast, which was

just a week before the contest closed, she was found to be considerably ahead of her nearest rival. When the day approached, the appellees announced through the columns of the newspapers that the contest would be continued for thirty days longer, instead of closing on the day named, and on that day the appellant, claiming to be the successful contestant for the grand prize, instituted this suit to prevent the appellees from prolonging the contest or from awarding the prize to any other contestant. In addition to the above recital of facts, she alleged in her complaint and amendments thereto that she had received the highest number of votes, and was entitled to one of the grand prizes; that the appellees were insolvent, and that she had no adequate remedy at law. She also alleged that certain employees of the appellees had, in violation of the terms of the contest, aided another contestant during the closing days of the contest by giving out the number of votes which appellant had received, and also by receiving votes after the hour fixed for closing the contest. The court sustained a demurrer to the complaint as amended, and dismissed it for want of equity.

We need not pass upon the legality of the contract set forth in the complaint, as the case is disposed of on another ground. Mr. Pomeroy stated the following rule, which is applicable to this case: "An injunction restraining the breach of a contract is a negative specific enforcement of that contract. The jurisdiction of equity to grant such injunction is substantially coincident with its jurisdiction to compel a specific performance. Both are governed by the same doctrines and rules; and it may be stated as a general proposition that wherever the contract is one of a class which will be affirmatively specifically enforced, a court of equity will restrain its breach by injunction, if this is the only practical mode of enforcement which its terms permit. * * * The universal test of the jurisdiction, admitted alike by the courts of England and of the United States, is the inadequacy of the legal remedy of damages in the class of contracts to which the particular instance belongs." 4 Pomeroy's Equity Jurisprudence, § 1341.

In *Leonard* v. *Board of Directors of Plum Bayou Levee District*, 79 Ark. 42, we said: "Exceptional cases may be found where courts of equity will afford equivalent relief by enjoining

the doing of any act inconsistent with performance of the contract, thus in a negative way enforcing specific performance. This exception is found, however, in cases dealing with contracts of a special, unique or extraordinary nature, such as that of an actor or singer."

It is seen, therefore, that where a contract is one the specific performance of which a court of equity will compel, and will therefore restrain the doing of any act inconsistent with its performance, the criterion is whether or not there is an adequate remedy at law, for in either event where the remedy at law is adequate and complete the complaining party will be remitted to it. Now, it is plain that a court of equity should not interpose, under any circumstances, to prevent the continuance of a contest such as that described in the complaint, except in so far as it interferes with the performance of the agreement to award prizes at the end of the stated period.  So the question arises whether or not the wrongful continuance of the contest interferes with appellant's remedy for the enforcement of her rights, and whether or not her remedy at law for the enforcement thereof is complete and adequate.

Whether the grand prize, for which the appellant claims to be the successful contestant, was a specific article, appropriated and set apart for the purpose of the award, or whether the contract was merely an executory agreement to award an article of that description, in either event appellant's remedy at law was complete.  If, as she contends, the contest was at an end according to its terms, and she was the successful contestant, and the defendants refused to award the prize to her, then her remedy at law was complete.

It does not appear from the allegations of the complaint that any particular piano or buggy had been set apart and appropriated to the award, but it appears only that a piano and buggy of certain description were to be awarded.  So that appellant's only remedy, if any, was to recover judgment for the value of the prize wrongfully withheld, and she could do this in an action at law.

Appellant is not aided by the allegations as to the insolvency of the appellees, for, even if she should be permitted to proceed to final decree in the suit in equity, and her alleged rights

were thereby enforced, she could only recover damages against the appellees for the value of the prize, and in case of insolvency such a decree in equity could no more be enforced than could a judgment at law.

Upon the whole, we are clearly of the opinion that the complaint stated no cause of action for equitable relief, and the demurrer was properly sustained.

Affirmed.