## WILLIAMS *v.* WILLIAMS.

### Opinion delivered October 31, 1921.

DIVORCE AND ALIMONY—REPEAL OF STATUTE.—Crawford & Moses' Dig. §§ 3508-3510, relating to the allowance of alimony, were not expressly or impliedly repealed by § 3511, *Id.,* relating to the division of property upon granting divorces.

Appeal from Jackson Chancery Court; *L. F. Reeder,* Chancellor; affirmed.

*Pope & Bowers,* for appellant.

The chancery court was without jurisdiction to order the payment of alimony. Sec. 3511, C. & M. Digest, repealed prior provisions in our law in regard to alimony (sec. 9, chap. 51, Revised Statutes), so far as they affected the rights of the wife who obtained the divorce. 64 Ark. 519; 87 Ark. 175; 101 Ark. 522; 121 Ark. 64. In 88 Ark. 302, the court recognized the Revised Statutes as still being in force to grant alimony to the wife where the husband was granted the divorce, but the decision is not out of harmony with the above-cited cases, wherein the wife was granted the divorce.

Where the wife has sufficient means to support herself in the rank of life to which she belongs, no alimony can be allowed. 29 N. E. 826.

*Boyce & Mack,* for appellee.

The alimony allowed to appellee was very reasonable under the circumstances. 19 C. J. pars. 578,. 590, 594.

Secs. 3508, 3509, 3510, C. & M. Digest, were not repealed by sec. 3511, as they do not relate to the same subject, and the authorities cited by appellant do not sustain his case.

Alimony is incidental to a suit for divorce, and properly allowed by the courts.    Ann. Cas. 1912 A, p. 893; 88 Ark. 307; 1 R. C. L. "Alimony," Sec. 15.

WOOD, J. This action was instituted by the appellee against the appellant for divorce and permanent alimony. The appellee alleged that she and the appellant were married in August, 1901, and lived together until February, 1919; that during their married life she had been a faithful and dutiful wife and gave the appellant no cause to desert her; that in February, 1919, appellant, without reasonable cause, wilfully deserted the appellee and has continuously absented himself from her since that time, and had not since his desertion contributed anything toward her support and maintenance. She prayed for absolute divorce, costs and attorney's fees, and a reasonable amount of alimony.

The appellant answered, and did not deny the allegations of the complaint as to the desertion and only contested the appellee's claim for alimony. He set out in detail allegations as to his own financial condition and hers, and prayed that the complaint be dismissed, in so far as it asked judgment against him for the support and maintenance of the appellee.

Upon the testimony adduced, the court made the following findings: "That the plaintiff and defendant were lawfully married in Wright County, Missouri, on the 25th day of August, 1901, and lived together as husband and wife continuously thereafter until on or about the 16th day of February, 1919; that on the 16th day of February, 1919, the defendant wilfully and without cause deserted the plaintiff, and ever since said time has continuously and without cause absented himself from the plaintiff and has not lived with her as his wife The court further finds that the plaintiff and the de-

fendants moved to Jackson County, Arkansas, in the month of September, 1913, and lived together and resided continuously in said county until February, 1919, at which time the defendant left Jackson County and went to Randolph County, Arkansas, and that the plaintiff has resided continuously in Jackson County from September, 1913, up to the filing of this suit. The court further finds that the defendant is without property, but from the time he deserted plaintiff he was receiving a salary of $150 per month up to October, 1920, as a' bookkeeper, at which time his salary was reduced to $100 per month; that the defendant has formerly for a number of years received a salary as public school superintendent and a teacher in the public schools of from $2,000 to $2,400 per year; that he is forty years of age; physically strong and in good health and is capable of earning a salary of $1,800 to $2,400 per year, The court further finds that the plaintiff is without property except the sum of $800 in money which she has saved and a library consisting mostly of school text books of the value of about $500; that she is now earning a salary of $85 per month as a teacher in the public schools during the school term; that she is now past the age of forty-one years and has probably attained her greatest earning capacity, and that the defendant should contribute something from his earnings for her support and maintenance.''

Upon these findings the court entered a decree of absolute divorce in favor of the appellee and awarding her alimony in the sum of $30 to be paid monthly. From that part of the decree awarding the appellee alimony is this appeal.

As to whether the appellant was financially able to pay to the appellee the sum of $30 per month for her support and maintenance was purely a question of fact. It could serve no useful purpose to set out and discuss the testimony bearing upon this issue in detail. We are convinced that the finding of the chancellor on this

issue of fact is not clearly against the preponderance of the evidence. On the contrary, the preponderance of the evidence sustains the finding of the chancery court.

Counsel for appellant contend that §§ 3508, 3509, and 3510 of Crawford & Moses' Digest have been repealed by the act of March 28, 1893, p. 176 (§ 3511, C. & M. Digest). Sections 3508, 3509 and 3510 contain provisions relating to the allowance of alimony, the care and maintenance of children, and the enforcement of the court's decree for alimony. These sections are taken from the Revised Statutes. The act of March 28, 1893, relates to an entirely different subject, and, although it contains a clause repealing all laws and parts of laws in conflict therewith, the sections above quoted concerning alimony are not in conflict with it. The act of March 28, 1893, relates entirely to the disposition and division of property upon a final judgment of absolute divorce granted to the husband or the wife, as the case may be. The act provides that where the divorce is granted the wife "the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and the wife * * * * shall be entitled to one-third of the husband's personal property absolutely, and one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific proprety, both real and personal, to which such wife is entitled." The concluding portion of the act relates to the sale and disposition of the property according to their respective rights under the act where the property is not susceptible of division and providing that the decree of the court making the division shall be a bar to all claims of the wife to dower in the lands and personalty of the husband.

In *Beene* v. *Beene,* 64 Ark, 518, we said: "As to the question of alimony, that is settled by statute, sec. 2517 of Sand. .& Hill's Digest, (corresponding to sec. 3511 of Crawford & Moses' Digest).   The Legislature seems to have enacted the statute (act of March 28, 1893) for the purpose of putting an end to all after-con troversies as to dower rights and to settle the matter when a divorce is granted dissolving the marital bonds. Hence the allowance to the divorced wife who is en titled at all, is exactly or substantially the same as would be her dower interest in case of the death of her husband; that is to say, one-third for life of all real estate of which he has been seized of an estate of in heritance at any time during the marriage, except such as she has relinquished in due form."   While the court in the opinion in the above case spoke of the amount allowed the divorced wife as "alimony," it is obvious from the division that was made of the property by the decree of the lower court that that court designated the amounts   allowed   as   "alimony,"   and   this   court inaptly   referred   to   the   allowance   made   as   "ali mony."   But   it   was   clearly   not   the   purpose of   the   court,   by   the   use   of   the   above   language, to   intimate   that   the   sections   of   the   revised statutes concerning alimony above had been repealed by the act of March 28, 1893, (sec 2517, S & H Digest; sec. 3511, C. & M. Digest).   No such issue was raised in the above case, and hence could not have been properly decided.   Nor do the later cases of *Shirey* v. *Shirey,* 87 Ark. 175; *Leonard* v. *Leonard,* 101 Ark. 522; *Crosser* v. *Crosser,* 121 Ark. 64, (upon which appellant also relies) hold that the provisions of the law concerning alimony have been repealed by the act of March 28, 1893. On the contrary, our decisions show that there is a clear distinc tion between alimony and the statutory disposition of property made to the respective spouses under the pro visions of the act of March 28, 1893.   (sec. 3511, C. & M. Digest).   See *Pryor* v. *Pryor,* 88 Ark. 307.

The latter act was not intended as a substitute, nor does it expressly repeal the former provisions concerning alimony, nor are these provisions impliedly repealed by anything contained in the act of March 28, 1893. "Alimony is not a sum of money, nor a specific proportion of the husband's estate, given absolutely to the wife, but it is a continuous allotment of sums payable at regular intervals for her support from year to year. And it continues only during the joint lives of the parties, or when there is a divorce from the bonds of matrimony until the wife marries again." *Brown* v. *Brown,* 38 Ark. 328; *Kurtz* v. *Kurtz,* 38 Ark. 119; *Pryor* v. *Pryor, supra.* That part of the act of March 28, 1893, under review here, has reference peculiarly to an allowance made in favor of a divorced wife out of the property of her husband in lieu of the unrelinquished dower rights that she would have had therein in case of the death of her husband, the divorce in her favor in such cases being treated as tantamount to his death. In other words, he is civilly dead to her when, without any fault on her part, he wilfully deserts and abandons her for the statutory period, and she, by reason of such abandonment, has obtained a decree of absolute divorce. See *Beene* v. *Beene, supra.* In such cases the act of March 28, 1893 (sec. 3511, C. & M. Dig.) makes provision for her in the nature of dower, giving her an interest absolute in the personal property of her husband and one-third for life of all the lands of which he was seized of an estate of inheritance during the marriage. In determining whether or not the court shall grant alimony, and, if so, the amount thereof, the court may take into consideration the property that comes to the wife by the above statutory provision, but it was never the design of the lawmakers, in the enactment of the above statute, to do away with the ancient and inherent common-law jurisdiction of chancery courts over the subject of alimony, which jurisdiction is brought into our Revised Statutes and is preserved and digested under the sections, *supra,* concerning alimony. *Reynolds*

v. *Reynolds,* 68 W. Va. 15; Ann. Cases, 1912-A 889; *Stewart* v. *Stewart,* 27 W. Va. 167; *Carr* v. *Carr,* 22 Gratt. (Va.) 168; 1 R. C. L. 877-878, Secs. 15, 16, 17.

The decree is in all things correct, and it is therefore affirmed.