GREEN v. GREEN.

Opinion delivered May 25, 1925.

1. DIVORCE—CONTINUING CONTROL OVER ALIMONY.—A continuing order for the payment of alimony remains within the court's control from time to time, to be altered according to changes in the circumstances of the parties.

2. DIVORCE—FINALITY OF DECREE FOR ALIMONY.—A decree for an accrued sum as alimony becomes final with the end of the term, and cannot be set aside at a subsequent term, even though found to be erroneous.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; reversed.

*R. G. Davies*, for appellant.

*Murphy & Wood*, for appellee.

McCULLOCH, C. J. On August 30, 1923, the chancery court of Garland County rendered a decree in favor of appellant, against appellee, for divorce and alimony. The decree in appellant's favor was for the recovery of a monthly allowance of twenty-five dollars, running back to the commencement of the action on March 10, 1919, and the court decreed the recovery of all of the accrued sums, aggregating $1,325. The court ordered the commissioner to sell certain impounded personal property belonging to appellee for the purpose of satisfying the decree in appellant's favor. At the next term of the chancery court the commissioner reported the sale of the impounded property for the sum of $500, and the court approved the sale and ordered the distribution of the fund. The court ordered that all of the funds except the sum of $158, which was reserved in the hands of the com-

missioner subject to further orders of the court, be paid over to appellant and her attorney, which was done. This order was made on December 17, 1923. Thereafter appellee filed a petition asking that the court set aside the order of allowance of alimony, and appellant filed a response, and, on February 18, 1924, the court rendered a decree directing the clerk to pay over to appellant the balance of $158 in the hands of the commissioner, and that, "upon the receipt of the same, the said cross-complainant discharge all judgments and allowances against the plaintiff, Frank J. Green, in her favor, on account of alimony or allowances and for all future allowances, the payment of the said sum being a full and complete settlement between them." In other words, the court, in the last decree, remitted the unpaid amount adjudged in favor of appellant and against appellee at the former term of court. This appeal has been prosecuted in apt time by appellant from the last decree.

It is insisted by counsel for appellee that appellant waived her right of appeal by obtaining an order from this court dismissing his (appellee's) appeal from the same judgment. The answer to that contention is that the motion of appellee to dismiss related to an appeal from the original decree of the court rendered on August 30, 1923. The records of this court under date of May 19, 1924, show that the present appellant moved to dismiss the appeal of appellee, Frank J. Green, from the decree of the court rendered on August 30, 1923, and, as the transcript had not been filed within six months so as to give the court jurisdiction, there could be no affirmance of the judgment, but that the appeal would be dismissed, and this was done. The present appeal by appellant, Nona Green, is from the last decree of the court, rendered on February 18, 1924. By that decree the court undertook to remit the balance of the amount of alimony decreed to appellant at a former term of the court. A continuing order of court for the payment of alimony remains within the control of the court from time to time,

to be altered according to changes in the circumstances of the parties. A decree rendered for an accrued sum becomes final with the end of the term and cannot be set aside at a subsequent term, even though found to be erroneous. In that respect it is the same as any other judgment or decree of a court of record.

The court having rendered a decree in favor of appellant, she was entitled to have it enforced, and it was beyond the power of the court to set it aside. The court should therefore have ordered the commissioner to pay over to appellant the balance in his hands, and appellant is entitled to process of the court to enforce payment of the remainder of the amount formerly decreed.

The cause is therefore reversed, and remanded for further proceedings not inconsistent with this opinion.