## DUNN *v.* DUNN.

### Opinion delivered June 27, 1927.

DIVORCE—VOLUNTARY PROPERTY SETTLEMENT.—Where a wife was granted a divorce and decreed one-third of her husband's personal property absolutely, and one-third of his real estate for life, and she afterwards agreed to accept $1,200 in lieu of the property rights under the decree, it was error to refuse to confirm such settlement, in the absence of any showing of false representations or coercion.

Appeal from Woodruff Chancery Court, Northern District; *Jonas F. Dyson,* Special Chancellor; reversed.

*J. F. Summers,* for appellant.

HART, C. J. Rube Dunn prosecutes this appeal to reverse a decree of the chancery court refusing to confirm the settlement of the property rights of himself and Cora Dunn.

It appears from the record that Cora Dunn brought an action for divorce against her husband, Rube Dunn, and for a division of property under § 3511 of Crawford & Moses' Digest. The court granted a decree of divorce against the defendant from bed and board, and granted her the custody of the girl children and her husband the custody of the boy children. It was further decreed that she should have one-third of his personal property absolutely and one-third of his real estate for her life, and a commissioner was appointed for the purpose of making a division of the property. By agreement Mrs. Cora Dunn accepted $1,200 in lieu of her property rights under the decree. This sum of money was paid to her by her husband, and a receipt was given in accordance with the terms of the settlement.

Subsequently Mrs. Cora Dunn filed objections to the report of the commissioner and asked for a division of

the property in accordance with the terms of the original decree. The property was duly appraised at a total value of $4,274. The fee of the land in the appraisement was valued at $3,200. Thus it will be seen that Mrs. Cora Dunn, if she had been entitled to receive one-third of the value of the fee in the land, would not have received more than $1,424. There is no showing that she was induced by false representations or coerced into accepting the sum of $1,200 in lieu of her property rights under the decree. She accepted the sum of $1,200 of her own free will, and there is no proof in the record tending to show that she was in any wise deceived.

The parties were capable of contracting with reference to their property rights, and no proof is shown which warranted the chancellor in refusing to confirm their settlement, which had been voluntarily agreed to and which had been executed by payment of the amount agreed upon by the husband to the wife. Therefore the chancellor erred in refusing to confirm the settlement and in ordering a division of the property between the parties in accordance with the terms of the original decree.

The result of our views is that the decree of the chancellor will be reversed, and, inasmuch as the case seems to have been fully developed, the chancery court will be directed to enter a decree approving and confirming the settlement of the parties as to their property rights and vesting the title to the real estate in Rube Dunn, free from any interest or claim of Mrs. Cora Dunn. It is so ordered.