ERWIN *v.* ERWIN.

Opinion delivered March 18, 1929.

*George C. Lewis,* for appellant.

*J. A. Watkins* and *M. F. Elms,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant relies upon the principles of law decided in *Brown* v. *Brown,* 38 Ark. 324; *Casteel* v. *Casteel,* 38 Ark. 477; and *Williams* v. *Williams,* 150 Ark. 319, 234 S. W. 169. Under the principles of law decided in these cases, alimony is a continuing allotment of sums payable at regular intervals for the support of the wife from year to year. Although no definite time is fixed during which it is to continue, it will, from its very nature, cease with the death of either party; or, upon the marriage of the wife, the complainant may apply to the court to be re-

lieved from further payment. It has been held, however, that such a remarriage does not call for a modification or vacation of an allowance for alimony, where the alimony was awarded in gross, or in lieu of, or as a substitute for, all of the wife's property rights. *Cohen* v. *Cohen,* 150 Cal. 99, 88 Pac. 270, 11 Ann. Cas. 520; and *Kistler* v. *Kistler,* 141 Wis. 491, 124 N. W. 1028.

The alimony awarded in the divorce decree in the present case shows that it was in lieu of all interest that Mrs. E. E. Erwin may have had or might thereafter acquire in any property belonging to C. M. Erwin. The decree recites that said alimony be paid in full accord of any right, title or interest that Mrs. E. E. Erwin had in any property of any kind or nature belonging to C. M. Erwin. This shows that the parties, by agreement, fixed a sum to be paid by the husband to the wife for alimony and in lieu of her right to a division of his property, under § 3511 of Crawford & Moses' Digest. This brings the case within the principles of law decided in the California and Wisconsin cases above cited. That principle of law has been recognized by this court in the following cases: *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700, 129 A. S. R. 102; *Green* v. *Green,* 168 Ark. 937, 272 S. W. 655; and *Dunn* v. *Dunn,* 174 Ark. 517, 295 S. W. 963.

In the Pryor case the court held that, where a husband and wife, in contemplation of immediate divorce, entered into a contract whereby he agreed to pay her certain sums of money at stated times, and they voluntarily caused this contract to be made part of the decree for divorce, the decree cannot subsequently be modified in so far as it is based on the contract, for a modification of the decree would be a modification of the contract itself; but, should the court find the allowance excessive, it may decline to permit its extraordinary process to be used to collect more than a just and reasonable allowance.

In the Green case the court held that a decree for an accrued sum as alimony becomes final with the end

of the term, and cannot be set aside at a subsequent term, even though found to be erroneous. In discussing the question the court said:

"A continuing order of court for the payment of alimony remains within the control of the court from time to time, to be altered according to changes in the circumstances of the parties. A decree rendered for an accrued sum becomes final with the end of the term, and cannot be set aside at a subsequent term, even though found to be erroneous. In that respect it is the same as any other judgment or decree of a court of record."

In the Dunn case the court held that, where a wife was granted a divorce and decreed one-third of her husband's personal property absolutely and one-third of his real estate for life, and she afterwards agreed to accept $1,200 in lieu of the property rights under the decree, it was error to refuse to confirm such settlement, in the absence of any showing of false representations or coercion.

The result of our views is that the decree of the chancery court must be affirmed.