SMITH *v.* SMITH.

4-3737

Opinion delivered February 25, 1935.

R. V. *Wheeler*, for appellant.

S. V. *Neely* and *Elton A. Rieves, Jr.*, for appellee.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Crittenden County foreclosing a mortgage or trust deed executed on the 29th day of March, 1932, by appellant to appellee, it appearing that appellant had failed to pay the notes secured by said mortgage or deed of trust. The original suit in foreclosure had been brought to foreclose a mortgage or deed of trust describing the same property in Crittenden County as the later deed of trust or mortgage, executed by appellant to appellee on the 23d day of November, 1931. By amendment to the original complaint, it was alleged that the second deed of trust or mortgage had been executed in lieu of, or as a substitute for, the first deed of trust or mortgage. Both trust deeds or mortgages were executed as a property settlement between the parties during the pendency of a contested divorce suit between said parties in the chancery court of Shelby County, Tennessee, and were placed in escrow to be delivered to appellee if and in the event an absolute decree of divorce should be granted to appellee by the chancery court of Shelby County. The original foreclosure suit was commenced by appellee before an absolute decree of divorce was rendered in her favor, but the amendment to the original complaint was made after appellee was awarded an absolute decree of divorce. In

the amendment to the complaint, there was a prayer that appellant be required to bring the second deed of trust or mortgage into court, appellant having obtained possession thereof from the parties who held same in escrow.

Upon a trial of the cause, the court ordered appellant to produce the second deed of trust or mortgage and decreed a foreclosure thereon to satisfy the indebtedness it secured. In entering this order or decree, the court necessarily found that appellee was entitled to the possession of the second deed or mortgage, and that the condition therein for the payment of the indebtedness had been broken.

The testimony adduced reflects that both trust deeds or mortgages were executed during the pendency of the contested divorce suit in lieu of alimony, if, and in the event, an absolute decree of divorce should be granted to appellee. Also that the second deed of trust or mortgage was executed in lieu of, and as a substitute for the first deed of trust or mortgage. Also that the divorce proceeding was contested throughout in good faith, and that there was no collusion between the parties to obtain a divorce. Also that the trust deeds or mortgages were not executed to facilitate the divorce, but simply evidencing an independent agreement concerning a property settlement if and in the event an absolute decree of divorce should be granted. Also that the parties had separated and were living apart at the time said deeds or mortgages were executed.

Appellant contends for a reversal of the decree on the ground that the amendment to the original complaint setting up a different deed of trust or mortgage from the one upon which suit had been brought amounted to the bringing of a new suit upon which new service must be had. We cannot agree with this contention. The second deed of trust or mortgage was given in lieu of the first, and the amendment was clearly a continuation of the first suit.

Appellant also contends for a reversal of the decree, because there was no delivery of the second trust deed or mortgage. It was placed in escrow to be delivered to appellee, if and when an absolute divorce decree should

be granted. The absolute divorce decree was granted, which entitled her to it, and the trial court therefore had the power to order appellant, who had come into the possession thereof wrongfully, to deliver same to appellee, or to bring same into court.

Appellant also contends for a reversal of the decree, because the execution thereof was contrary to law as against public policy. This court is committed to the doctrine that it is not contrary to public policy for a husband and wife to agree upon a property settlement, if already separated, although made in contemplation of an immediate divorce, provided same is not made to facilitate or accomplish the divorce. *Healy* v. *Healy*, 77 Ark. 94, 90 S. W. 845; *Shirey* v. *Hill*, 81 Ark. 137, 98 S. W. 731; *Pryor* v. *Pryor*, 88 Ark. 302, 114 S. W. 700; *McConnell* v. *McConnell*, 98 Ark. 193, 136 S. W. 931; *Dunn* v. *Dunn*, 174 Ark. 517, 295 S. W. 963; *Erwin* v. *Erwin*, 179 Ark. 192, 14 S. W. (2d) 1100. Under authority of the cases cited as applied to the facts in this case, the trial court properly and correctly upheld and enforced the second deed of trust or mortgage executed by appellant to appellee.

Appellant also contends that the decree of foreclosure should be reversed, because the property settlement was not incorporated in the decree for absolute divorce, or because it was not adopted in rendering the final divorce decree, and that their property rights now must be treated in this case as adjudged in the divorce suit. It was not necessary for the property rights of the parties to be adjudged in the divorce proceeding, as they had been settled by contract. The parties had a right to settle their property rights out of court by contract, and their contract relative thereto might be thereafter enforced in a court of competent jurisdiction.

No error appearing, the decree is affirmed.