SCHLEY *v.* DODGE, CHANCELLOR.

4-7255                                    178 S. W. 2d 851

Opinion delivered March 27, 1944.

*E. Chas. Eichenbaum,* for petitioner.

*Owens, Ehrman & McHaney,* for respondent.

ROBINS, J. Petitioner, Mrs. Mollie Schley, asks that we grant a writ of prohibition against Hon. Frank H. Dodge, chancellor of the Pulaski chancery court, prohibiting him from proceeding further in the hearing of a motion filed by petitioner's former husband, Buchanan Schley III, praying for modification of certain provisions for alimony payment contained in the decree of the Pulaski chancery court rendered on October 5, 1936, by which petitioner on her cross-complaint was granted a divorce from plaintiff and cross-defendant, and also to modify a decree rendered by the same court on June 7, 1940, by which the court changed the provisions of the original decree as to alimony.

The record discloses that suit for divorce was originally brought against petitioner by her husband, Buchanan Schley III; that she filed answer and cross-complaint praying for divorce; that shortly before the institution of the divorce suit the parties entered into an agreement by which their respective property rights were settled and by which it was agreed that petitioner's husband should pay her during the remainder of her life the sum of $150 per month; that this settlement of property rights and alimony was embodied in the decree of divorce; that thereafter, on June 7, 1940, on application of the husband, not resisted by petitioner, a decree was rendered by the Pulaski chancery court reducing the monthly amount of alimony to $125. On January 31, 1942, the husband filed another motion to modify the alimony allowance. At the time of the filing of this motion both petitioner and her former husband were non-residents of the state of Arkansas. Actual notice of the filing of this motion was given to petitioner, and she filed a demurrer which she denominated a "Special Appearance," by which she objected to the jurisdiction of the court on the ground that there was no cause of action pending before the court, and that the court was without jurisdiction to modify its former decree as to alimony; that the court was without jurisdiction because both parties were non-residents of the state of Arkansas; that the motion to modify was in the nature of an original proceeding, and that the petitioner has not been

properly summoned in accordance with the requirements of the statutes of the state of Arkansas. The court overruled petitioner's demurrer and thereupon she filed petition for writ of prohibition in this court.

"The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction, but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. *Russell v. Jacoway*, 33 Ark. 191." *Macon v. LeCroy*, 174 Ark. 228, 295 S. W. 31.

"The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction." *Bassett v. Bourland*, 175 Ark. 271, 299 S. W. 13.

Blackstone defines a writ of prohibition as a writ "directed to the judge and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof, upon suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." 3 Blackstone's Commentaries, 112.

The Pulaski chancery court had jurisdiction of the subject-matter here involved. The divorce suit was originally brought in that court and was tried in that court. The decree sought to be modified was rendered by that court. No other tribunal had jurisdiction to modify the decree of the Pulaski chancery court. Section 4392 of Pope's Digest of the laws of Arkansas provides: "The court, upon application of either party, may make such alterations from time to time as to the allowance of alimony and maintenance as may be proper, and may order any reasonable sum to be paid for the support of the wife during the pending of her bill for a divorce."

This court, in the case of *Kurtz v. Kurtz*, 38 Ark. 119, held (Headnote 4): "Decrees for continuing alimony (in a suit for divorce) are always subject to the modifi-

cation of the court . . . upon the application of either party." Other cases in which a like holding was made are: *Pryor* v. *Pryor*, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102; *McConnell* v. *McConnell*, 98 Ark. 193, 136 S. W. 931, 33 L. R. A., N. S. 1074; *Meffert* v. *Meffert*, 118 Ark. 582, 177 S. W. 1; *O'Bryan* v. *O'Bryan*, 158 Ark. 643, 252 S. W. 577; *Green* v. *Green*, 168 Ark. 937, 272 S. W. 655; *Boniface* v. *Boniface*, 179 Ark. 738, 17 S. W. 2d 897; *Holmes* v. *Holmes*, 186 Ark. 251, 53 S. W. 2d 226; *Wilson* v. *Wilson*, 186 Ark. 415, 53 S. W. 2d 990; *Jones* v. *Jones*, 204 Ark. 654, 163 S. W. 2d 528.

It is argued on behalf of petitioner that the lower court had no jurisdiction of the person of petitioner because she is a non-resident of the state of Arkansas and the statutory steps required for constructive service against her were not taken. It is conceded, however, by petitioner that she did receive actual notice of the filing of the motion to modify. It will be noted that the provisions of § 4392, *supra*, do not require the giving of any notice, or prescribe the manner of giving notice of the application to modify the allowance of alimony, and, since it is conceded in the instant case that petitioner had actual notice of the application, any question as to the form and sufficiency of such notice is foreclosed. "Where the notice (of application for modification of order as to alimony) . . . is not prescribed by statute, the notice need only be such as is reasonably calculated to give the opposite party knowledge of the proceeding and an opportunity to be heard." 27 C. J. S. 1094.

Petitioner urges that the motion to modify the amount of the allowance is in reality an original proceeding, of which notice must be given as required by statute in divorce proceedings. We do not agree. "Where a modification of an allowance (of alimony) is sought, the application should be made as in the original suit, and not in an independent proceeding." 17 Am. Jur. 496.

We conclude that the lower court had jurisdiction to hear the motion to modify the alimony allowance, and, this being true, the petition for writ of prohibition must be denied.