ARKANSAS MOTOR FREIGHT LINES, INC. v. JOHNSON.

4-9882 252 S. W. 2d 814

Opinion delivered November 10, 1952.

Rehearing denied December 15, 1952.

158

*Harper, Harper & Young,* for appellant.

*Ed E. Ashbaugh* and *G. Lawrence Blackwell,* for appellee.

GEORGE ROSE SMITH, J. This proceeding was originally instituted by the Public Service Commission upon its own motion, for the purpose of clarifying a certificate of convenience and necessity held by the appellees, whose trade name is Atlas Transit & Warehouse Company. The Commission's initial notice to Atlas and to all other interested carriers recited that the Atlas certificate authorized it to engage in long distance transportation of property, that a question had arisen as to the meaning of the word "property," and that a hear-

ing would be held to construe the certificate and to determine the rights and authority of Atlas.

At the hearing held pursuant to this notice the members of the Commission, as well as the attorneys who appeared for various carriers, were in some doubt as to the proper procedure to be followed. In this situation the appellant, a motor carrier licensed to transport general commodities, volunteered to file a complaint formally raising the issues to be determined. This suggestion was accepted, and the complaint was later filed.

The complaint charges that the certificates issued to Atlas and its predecessor are void in that they do not restrict the carrier to defined routes not exceeding 20% of the State highway system. In the alternative the complaint asserts that these certificates purport to authorize the transportation of "property," which was intended to mean, and should be limited to, household goods only. After a hearing the Commission restricted Atlas to specified routes aggregating less than 20% of the highway system and so modified the Atlas certificate as to permit the carriage of household goods, heavy machinery, and general commodities only. The circuit court affirmed the order. On this appeal the appellant continues to demand the relief asked in its complaint.

The proof shows that the certificate now held by Atlas was originally issued to P. D. Gathright in 1930 and authorized him to conduct a general transfer and drayage business at Pine Bluff "and to engage in long distance transportation of property." Atlas bought Gathright's business in 1946, and when the certificate was reissued to Atlas in 1948 it empowered Atlas to operate "as a common carrier of household goods over the following route, to-wit: General transfer and drayage business at Pine Bluff, Arkansas, and to engage in long distance transportation of property." Neither Gathright's nor Atlas' permit restricted the holder to 20% of the highway system, as contemplated by prior and present statutes. Act 62 of 1929, § 3 (c); Ark. Stats. 1947, § 73-1710 (e).

We agree with the Commission's view that the failure to impose a mileage limitation did not render the certificates void. Whether these permits were mere nullities depends upon whether their issuance was beyond the Commission's jurisdiction. We do not regard the legislative directive, that no certificate be issued for a total mileage in excess of 20% of the highway system, as a matter going to the jurisdiction of the Commission. Rather, the failure to observe this directive was an error that might have been corrected by appeal and which, in the absence of an appeal, is still subject to correction under the Commission's continuing power to require compliance with the statutes. Ark. Stats., § 73-1707 (6). The original defect has now been remedied by the order under review.

In the alternative the appellant contends that Atlas should be confined to the transportation of household goods. It will be remembered that both the Gathright certificate and the Atlas certificate authorized the long distance transportation of "property," which was broadly defined by § 1 (g) of Act 62 as any kind of property transported by a motor carrier. Appellant alleged below that although the word "property" was meant to include household goods only, Atlas has in fact carried general commodities and other property in addition to household goods. The proof is undisputed that between 1941 and 1950 Atlas and its predecessor transported lumber, wallboard, flooring, sewer piping, a road grader, refrigeration equipment, transformers, printing equipment, office furniture, cotton, ice, vinegar, canned goods, etc.

It is evident that pursuant to certificates permitting the carriage of property in general Gathright and Atlas built up a business devoted to the conveyance of many commodities in addition to household goods. What the Commission attempted to do was to confine Atlas' future operations to those fields in which it and Gathright had engaged in the past. To this end the Commission limited Atlas to the carriage of household goods, heavy machinery, and general commodities. These terms appear

to be three of various classifications used by the Commission in allocating the motor freight business among common carriers. We are not told what is included in each classification, but this is unimportant. The appellant, as a carrier of general commodities, presumably is interested only in eliminating Atlas from that field, and appellant concedes that Atlas and Gathright have been carrying general commodities, whatever the phrase may mean.

The weight of the evidence sustains the Commission's decision to permit Atlas to haul general commodities as well as household goods. There is, it is true, some testimony implying that Gathright at first intended to restrict himself to the moving of household goods. But it must be borne in mind that his permit authorized the long distance transportation of property, which was then defined by statute as including about any movable chattel. Even though the statutory definition was not repeated when the present statute was adopted in 1941, neverthless the words in Gathright's certificate continued to have some meaning. Under the authority of that permit he expanded his business to include the conveyance of general commodities, and he and Atlas occupied that field for about a decade. It does not appear that any competing carrier objected until the Commission itself raised the issue in 1950. In these circumstances we cannot say that Gathright's conduct was unauthorized or that the Commission was in error in allowing it to continue.

The appellant's other contentions relate to matters of procedure. It is insisted that upon the filing of the complaint notice should have been given to all other carriers who might be affected by a modification of the Atlas certificate. Had the complaint been an entirely original proceeding this might be true, but in fact it was a continuation of the action begun by the Commission on its own motion. The Commission had already notified all affected carriers that the meaning of Atlas' permit was in question and that a hearing would be held to determine "the rights and authority" of Atlas under

its certificate. We think this language broad enough to cover the questions later presented by appellant's complaint, and hence that pleading did not allege such a new cause of action as to require a repetition of the notice. *Smith* v. *Smith,* 190 Ark. 418, 79 S. W. 2d 265. Nor do we think that the Commission went beyond the issues raised by the complaint in reaching its decision.

It is also contended that, since the Commission's order amounts to the granting of a new permit, Atlas should have been required to prove that there is a public need for its services along the routes designated in the order. Whether the order is really tantamount to the issuance of a new certificate or is merely a narrowing of an existing certificate is open to question, but in any event the point now urged was not raised below and cannot be asserted for the first time on appeal.

Affirmed.