Dorothy Deloris PARSONS *v.* Raymond
Carpenter PARSONS

CA 79-97                     593 S.W. 2d 483

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*Faber D. Jenkins*, for appellant.

No brief for appellee.

JAMES H. PILKINTON, Judge. This appeal is from an order of the Chancery court overruling a motion to dismiss a petition against an out-of-state defendant for lack of personal jurisdiction, and questioning the validity of certain modifications made thereafter in a divorce decree.

On December 31, 1977, a decree of divorce was entered in favor of appellee against appellant based on constructive service. The appellant was a resident of Texas at that time. There were two children of the marriage. The son was in the custody of the father-appellee, and the daughter was in the custody of the mother-appellant. Each was found to be a proper person to retain such custody, and the father was ordered to pay child support for the minor daughter in the sum of $150 per month, plus usual medical expenses.

On April 7, 1978, the father filed a petition to modify the original divorce decree seeking definite periods of visitation with his daughter. The mother responded by filing an answer pro se. She also asked for affirmative relief and sought to have the original decree modified to increase the amount of monthly support for the daughter. On May 17, 1978, a hearing was held on the respective pleadings then before the court and, with both parties present, an order was entered fixing the visitation rights of the father, and increasing the child support to $170 per month.

On January 26, 1979, appellee filed what he called "An Amended Petition to Modify Decree of Divorce", and had a summons issued for appellant directed to the Sheriff of Harris County, Texas. This summons was served on February 7, 1979 and return filed. On January 26, 1979, a second summons was issued to William Lee Fergus, attorney at law, Osceola, Arkansas, (counsel for appellee) directing him to summon appellant to answer within 20 days. This document is not dated, and was not signed by the clerk. However, the record shows that counsel for appellee wrote a letter, dated January 24, 1979, addressed to appellant at her address in Houston, Texas, and sent it to her by certified mail, return receipt requested. This letter contained a copy of the amended petition. On February 23, 1979, appellant filed a special appearance, and moved the Chancery Court to set aside and quash the two purported summonses. Appellee filed a response to this pleading; and, on February 26, 1979, without notice to appellant or her counsel, the Honorable Henry Wilson, Chancellor, issued an order denying the motion to quash, and allowing appellant to file a response within ten days.

On March 8, 1979, appellant filed a response to appellee's petition to modify, denying the continuing jurisdiction of the court over her person and seeking dismissal of the petition to modify for want of jurisdiction. On March 13, 1979, the Chancery court with Honorable Howard Templeton, Chancellor, presiding, declined to rule further on the jurisdictional question. It was the view of the court that the prior order, made by Judge Wilson on February 26 and filed February 28, settled that issue. Judge Templeton ruled that such order gave his court jurisdiction over both the cause of action *and of the parties*. The Chancery court on March 13, 1979, modified the decree further, as requested by appellee. Appellant has appealed from the order dated March 13, 1979 which was signed by the judge on May 25, 1979, but not entered until June 7, 1979.

For reversal, appellant has asserted four points which she contends require a reversal of the trial court's order of March 13, 1979.

## I.

Appellant first says the Chancery court erred in finding that the court had jurisdiction of her person, although admitting that the Mississippi Chancery Court had jurisdiction of the subject matter. Appellant overlooks the fact that she had entered her appearance in this case generally on April 20, 1978, when she filed an answer to appellee's first petition to modify the decree, and asked for affirmative relief. She was also present in person, and by counsel, at the first hearing to modify, held on May 17, 1978, and she received an increase in support for the daughter from $150 to $170 per month. She submitted herself to the jurisdiction of the Mississippi County Chancery Court at that time as to the matters pertaining to visitation of the daughter and of the daughter's proper support. The court has continuing jurisdiction in these matters; and, at any later time, on proper motion and due notice to the other parent, may make such order as the circumstances require.

## II.

Appellant argues that a new or original personal service

or process on her was required. We find no merit in this argument under the circumstances here.

Where modification is considered a continuation of an original matter before the court, the issuance of a new or original process, or new personal service, is not required. 27B C.J.S. *Divorce* § 317 (4). However, proper notice of the application for modification, and an opportunity to be heard should be given whether or not required by statute. *Seaton* v. *Seaton*, 221 Ark. 778, 255 S.W. 2d 954 (1953); *Schley* v. *Dodge, Chancellor*, 206 Ark. 1151, at 1154, 178 S.W. 2d 851 (1944).

It is conceded by appellant that she did receive actual notice of the filing of the petition that is in question. She received notice in several ways, one of which was by being mailed a copy of the amended petition by certified mail, return receipt requested, as required by Ark. Stat. Ann. § 27-362(b) (Repl. 1979). Appellant claims that section of the statute did not apply. She would be correct if appellant had not previously entered her appearance in this case, and if an original personal service or summons had been required. However, as already noted, only notice was necessary. The argument of appellant fails to take into consideration the difference between the service required in an original action, and *notice* required in a matter where the court already has personal jurisdiction of the parties.

### III.

Appellant also complains that on February 26, 1979, the Chancery Court, without notice to appellant, issued an order denying the motion to quash, and allowed appellant ten days in which to file a response. Appellant did not file any motion or pleading on her part seeking to have this particular order vacated, but instead filed an answer or response. The error, if any, was harmless under the circumstances. Appellant made her argument at the March 13, 1979, hearing and it was rejected by the trial court.

### IV.

As her fourth point, appellant claims the court erred in

refusing to rule further concerning personal jurisdiction over the defendant. As stated above, she renewed her objection to the jurisdiction of the court at the March 13, 1979 hearing. However, the import of her argument was that new or personal service of process on her was required. The Chancellor was correct in rejecting this argument. Appellant has argued on appeal that the court was wrong in its reasoning that the personal jurisdiction question was not still before the court at the time of the hearing on March 13, 1979. Be that as it may, and regardless of the reason given for its action, the opinion of the court was correct. Appellant had previously entered her appearance, and the court had continuing jurisdiction to deal with the matters of child custody and visitation under the circumstances.

As a side matter appellant complains of repeated efforts of appellee for modification of the original decree. She claims this places an undue burden on her to resist his various petitions. It is true that repeated efforts for modification of a decree are looked on with disfavor by the courts; and there should be an end to the constant changes and modifications of orders having to do with the custody or visitation of a child. *Saltonstall* v. *Saltonstall*, 148 Cal. App. 2d 109, 306 P. 2d 492 (1957). However, this is a matter which must be first dealt with on the trial court level. It is not properly before us in this appeal.

Finding no error, the order of the Chancery Court is affirmed.