4-8234                            203 S. W. 2d 190

Opinion delivered June 23, 1947.

*Geo. M. LeCroy,* for appellant.

*J. V. Spencer* and *J. V. Spencer, Jr.,* for appellee.

Smith, J. On September 18, 1934, Broma C. Towns filed suit for divorce from his wife Era, on the ground of indignities. She filed an answer and cross complaint denying appellant's right to a divorce. She did not ask a divorce in her cross complaint, but did pray an allowance of alimony *pendente lite.* Thereafter the suit progressed as one for separate maintenance.

On January 11, 1935, the court entered an order requiring appellant to pay $15 costs, $35 attorney's fee, and $15 per month for appellee's support, and on June 3, 1935, the allowance was increased from $15 to $30 per month. The alimony was not paid as directed, and on September 7, 1936, another hearing was had and appellant was directed to pay $592.25 due under the previous

orders and to pay $30 per month and $100 attorney's fee and it was further ordered that execution therefor might issue, or that appellant be proceeded against for contempt. It does not appear whether the execution was issued or not.

On June 30, 1939, a petition was filed in which it was alleged that appellant was in arrears in the payment of alimony to the extent of $1,939.80, and it was prayed that judgment therefor be rendered and that an order be entered directing the issuance of an execution. Hearing was set for November 27, 1939, and was re-set for March 5, 1940. Appellant was in the Army and this fact probably accounts for the delay which had occurred, but on March 5, 1940, the motion came on for further hearing on appellant's petition that he be relieved from the payment of any alimony then remaining unpaid. Oral evidence was heard and the court made the finding that there was due as of October 3, 1939, under prior orders the sum of $2,107.40.

On October 3, 1939, appellant filed a motion asking to be relieved from the further obligation to pay alimony or maintenance, it being alleged that he was not financially able to make further payments and that his physical condition would not permit him to do work, by which he could earn an income. It was ordered that appellant be relieved from making further payments until such time as he had recovered sufficiently to earn an income. But it was ordered and decreed at the March 5, 1940, hearing that appellee have judgment for the unpaid balance due her in the sum of $2,107.40 for which execution might issue and "That all future payments of maintenance be suspended pending further orders of the court." No appeal was prayed or taken from this order.

A petition for *scire facias* was filed August 17, 1945, to renew this judgment to which a response was filed containing the following allegations. Subsequent to the rendition of the judgment and decree above referred to on March 5, 1940, appellee obtained a divorce from appellant, on September 6, 1940, in the State of Louisiana, and

on September 14, 1940, married one Joe Taylor. It was prayed that the former orders for payment of alimony be vacated and set aside.

It was alleged that appellant's physical condition had not changed since March 5, 1940, at which time he had been relieved from future payments. It appears from his response that he had continued to serve in the army until May 17, 1943, when he was honorably discharged on account of an existing disability. It was alleged also that respondent owned no property upon which an execution could be levied.

The petition for *scire facias* and the response (to which there were attached exhibits showing appellee's divorce and subsequent re-marriage, and appellant's discharge from the army) was heard on September 25, 1946, upon which hearing it was ordered that the judgment of March 5, 1940, be renewed, it being wholly unpaid.

This order recites all the pleadings filed and orders entered in relation to the alimony, and maintenance money, and it was adjudged and decreed on September 25, 1946, "that said judgment (of March 5, 1940) be and the same is hereby revived and that the lien thereof be and the same is hereby renewed for a period of three years from the rendition hereof and that the amount due under said judgment is $2,918.75 * * *," and this appeal is from that decree.

This increase in the judgment results from the addition of the interest on the judgment of March 5, 1940, and not from the charge of any additional alimony after that date.

For the reversal of this decree it is first insisted that the decree of March 5, 1940, relieved appellant from the payment not only of the current alimony, but also from the payment of accrued alimony then unpaid because of the finding as to his then existing physical condition. But the decree did not relieve him from the payment of accrued alimony. It is expressly to the contrary. This

was a final decree and if erroneous or improper an appeal should have been taken from it.

In the case of *Green* v. *Green,* 168 Ark. 937, 272 S. W. 655, it is said: ''A decree rendered for an accrued sum becomes final with the end of the term and cannot be set aside at a subsequent term, even though found to be erroneous. In that respect it is the same as any other judgment or decree of a court of record.'' This language was quoted and the holding reaffirmed in the case of *Erwin* v. *Erwin,* 179 Ark. 192, 14 S. W. 2d, 1100.

It will be noted that the judgment does not include any alimony accruing subsequent to March 5, 1940, nor does it include any alimony which accrued since appellee's divorce and re-marriage. Cases are cited by appellant holding that the right to collect alimony terminates with re-marriage of the wife and this is a rule of universal application, but we have been cited no case holding that the re-marriage of the wife extinguishes her claim for alimony which had previously accrued and we shall not so hold. The pertinacity of the husband in refusing to comply with the order of the court might reduce the wife to the necessity of borrowing money from family or friends and such a loan might be made upon the strength of the decree requiring the husband to pay, and upon the faith that the decree would eventually be enforced when the loan might and would be repaid.

It was held in the case of *Calhoun* v. *Adams,* 43 Ark. 238, that errors or irregularities in obtaining a judgment cannot be set up by demurrer or plea to a *scire facias* to revive, and it was there also stated that *scire facias* is not the institution of a new suit, but is a continuation of the old one and that its object is not to procure a new judgment for the debt but execution of the judgment that has already been obtained.

In the case of *Kurtz* v. *Kurtz,* 38 Ark. 119, Justice EAKIN said that it was not a convenient practice to grant permanent alimony during the natural life of the wife, and that a greater inconvenience would be incurred by

making future payments of alimony liens upon real estate, but he also said that "As for all sums ordered to be paid at once, and for which execution may issue, they are already general liens, without being so expressed."

Here there was no allowance of a lump sum nor for any definite period, but a monthly allowance, which is a practice many times approved by this court, but final judgment was rendered for all the accrued unpaid alimony. If this was error, and we do not so hold, that judgment was final and no appeal was ever prosecuted and it is not now subject to review.

Appellant did apply to the court in October, 1939, to be relieved from future payments, but prior to that time he had filed no pleadings setting out that he was physically or financially unable to make the payments ordered by the court, nor had he appealed from such orders, nor did he appeal from the judgment and decree of March 5, 1940.

In the case of Sneed v. Sneed, 172 Ark. 1135, 291 S. W. 999, Dr. Sneed, the husband, was ordered to pay his wife alimony in the sum of $40 per month. He made the payments for two years and thereafter made no payments until his default amounted to $4,800. Dr. Sneed was left a legacy of $1,000 which his divorced wife sought to impound and apply on this debt. Mrs. Sneed recovered judgment and pending the appeal therefrom she died. Revival of the case was resisted, but revival was ordered by the court. Mr. Justice HART in upholding the right to garnish this legacy there said: "The law is that a wife who secures a judgment for alimony in a suit against her husband for a divorce is a creditor, and a conveyance made in fraud of her rights as such may be set aside or the property subjected to the lien of the judgment, provided that the rights of purchasers without notice and for a valid consideration have not intervened." (Citing cases). Among the cases there cited was the case of Austin v. Austin, 143 Ark. 222, 220 S. W. 46, in which case it was held that in a suit for divorce where decree was in favor of the wife, the court had

authority to declare a lien in favor of the attorney for his fee upon the real estate conveyed by the husband to defraud his wife.

It is argued that a judgment for past due alimony is not such a judgment as may be revived by *scire facias,* but that contention cannot be sustained. In the chapter, *Scire Facias,* 47 Am. Jur. § 14, p. 471, it is said: "Strictly speaking, *scire facias* is a proceeding at law, and hence not available for the enforcement of decrees and other determinations of other courts. Where, however, a statute authorizes writs of execution to issue for the enforcement of decrees of probate, chancery, and other courts, such decrees are substantially placed on the same footing as a judgment of a court of law, and the power to prosecute proceedings thereon by *scire facias* is impliedly conferred."

No contention is made that the judgment of March 5, 1940, which long since became final has been satisfied, in whole or in part, and that judgment was properly revived and the decree so holding is affirmed.