Ruth BOHNSACK *v.* Robert A. BECK and Veirlone G. Beck, et al.

87-304                                    740 S.W.2d 611

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*Swindell & Bradley, by: Len W. Bradley*, for appellant.

Laws, Swain & Murdock, P.A., by: *William S. Swain*, for appellees.

DARRELL HICKMAN, Justice. The only issue in this case is whether ARCP Rule 4(i), which generally provides that a summons must be served within 120 days, applies to a writ of *scire facias*. The trial court held that it applies. We hold that it does not apply and, therefore, reverse the judgment.

The Latin phrase, *scire facias*, means "that you cause to know." A writ of *scire facias* is a writ issued requiring a person against whom it is brought to show cause why a judgment should

not be revived. *See* Black's Law Dictionary 1208 (5th rev. ed. 1979). On June 30, 1980, the appellant obtained a judgment against Don Duvall for $90,000. The judgment was revived by an order of revivor on June 28, 1983. On June 19, 1986, before three years had expired, a writ of *scire facias* was issued by the Pope County Circuit Court directing the sheriff to serve the order on Duvall. The writ was returned on July 14, 1986, with the notation that Duvall was in Mineral Springs, Texas. Another writ was issued by the clerk on July 16, 1986, directing the sheriff in Texas to serve the writ; it was served on August 27, 1986.

The trial judge signed three different orders of revivor. The first, dated November 19, 1986, revived the judgment for ten years from June 30, 1986; the second order signed December 19, 1986, was a *nunc pro tunc* order, reviving the judgment for ten years from June 19, 1986. The appellees then intervened challenging the revivor contending that they owned the land in Pope County previously owned by Duvall. The Pope County Circuit Court issued a third order of revivor which stated that the ten year period was to run from July 16, 1986. The trial judge based his decision on the theory that his prior orders were incorrect because the first writ was not served within 120 days; therefore, the judgment could not be revived except on the basis of the second writ. The appellant filed an appeal based on this last decision.

Rule 4(i) relates to the commencement of a suit and the service of a summons after a complaint is filed; the summons must be served within 120 days or the cause will be dismissed. The Rules of Civil Procedure were not intended to apply to all proceedings. ARCP Rule 81(a) provides:

> These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

A writ of *scire facias* is not the commencement of an action and, therefore, Rule 4(i) was not intended to govern. While this writ has been deemed to occupy both the place of a declaration and a summons, it is merely a continuation of a former action. In *Waldstein* v. *Williams*, 101 Ark. 404, 142 S.W. 834 (1912), we

said: "[T]he proceedings under the statute to revive the lien of the judgment are only subsidiary to the original action. They do not constitute a new action, but only a continuation of the old one."

Survival and revival of judgments are governed by Ark. Stat. Ann. §§ 29-601 to 29-607 (Repl. 1979 & Supp. 1985). The time when the lien begins is governed by Ark. Stat. Ann. § 29-607 which provides:

> If a scire facias be sued out before the termination of the lien of any judgment or decree, the lien of the judgment revived shall have relation to the day on which the scire facias issued; but if the lien of any judgment or decree shall have expired before suing out the scire facias, the judgment of revival shall only be a lien from the time of the rendition of such judgment.

The *scire facias* issued by the clerk started the process of reviving the judgment; from that date, rights, if any, are fixed. Interested parties are on notice from that date. Personal service is not required. *See* Ark. Stat. Ann. § 29-604. There is no reason to arbitrarily dismiss this kind of action because service is not obtained within 120 days. The Arkansas statutes do not place a time limit on the service of a writ of *scire facias*, and we hold that Rule 4(i) is not intended to govern.

Reversed and remanded.