2012 Ark. 131

Kenneth G. MIDDLETON and Lynn Carl Middleton, Appellants

v.

Geraldine LOCKHART, Mildred M. Anderson, Joyce M. Henson, and Jessie J. Brewer, Appellees.

No. 11–790.

Supreme Court of Arkansas.

March 29, 2012.

See also, *Middleton v. Lockhart,* 364 Ark. 32, 216 S.W.3d 98; *Middleton v. Lockhart,* 355 Ark. 434, 139 S.W.3d 500; *Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113.

Brent Antoni Capehart, Tulsa, for appellant.

Steven B. Davis, Harrison, for appellee.

JIM GUNTER, Justice.

Appellants, Kenneth Middleton and Lynn Carl Middleton, appeal from an order of the Newton County Circuit Court reviving a 1999 decree and denying their motion for summary judgment. This case has previously been appealed to and decided by this court on three separate occasions. *See Middleton v. Lockhart,* 364 Ark. 32, 216 S.W.3d 98 (2005) (*Middleton III*); *Middleton v. Lockhart,* 355 Ark. 434, 139 S.W.3d 500 (2003) (*Middleton II*); *Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113 (2001) (*Middleton I*). Therefore, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(7). We affirm.

In March 1991, shortly after Appellant Kenneth G. Middleton was convicted of murdering his wife and sentenced to life in prison without the possibility of parole, he executed a warranty deed conveying property (hereinafter referred to as the "Middleton homeplace") in Newton County, Arkansas, to his brother, Appellant Lynn Carl Middleton. The previous year, in July 1990, Kenneth had been sued by Appellees Geraldine Lockhart, Mildred M. Anderson, Joyce M. Henson, and Jessie J. Brewer—his wife's siblings—for wrongful death in Missouri, which resulted in the entry of default judgment against Kenneth in the amount of $1,350,000 on May 26, 1992. *See Lockhart v. Middleton,* 863 S.W.2d 367 (Mo.Ct.App.1993). That judgment was registered in Newton County as a foreign judgment three days later. On June 12, 1992, appellees filed a third amended complaint in Newton County against appellants asserting a cause of action under the Fraudulent Conveyance Act.

Following a hearing on March 25, 1999, the chancellor [1] stated from the bench that "[t]he conveyance of the Middleton homeplace to Lynn Carl Middleton by Ken G. Middleton was fraudulent and was an effort to try to avoid the effects of the tort claim of the plaintiffs and is hereby set aside." On May 25, 1999, the court entered a decree finding that the conveyance had been fraudulent and ordering that the Middleton homeplace be sold at execution sale. Incorporated into the 1999 decree was a joint stipulation of fact describing the property known as the Middleton homeplace; attaching the civil judgment appellees had obtained against Kenneth in Missouri for $1,350,000; stating that property in Missouri belonging to Kenneth and his late wife had been bought by appellees at judicial sale for $10,000 and that the proceeds had been applied to the 1992 judgment; and noting that as of March 1, 1999, the unpaid balance of appellees' civil judgment against Kenneth was $2,412,686.63 with interest continuing to

---

1. Amendment 80, which merged the courts of law and equity, became effective on July 1, 2001.

accrue at the rate of $555.46 per diem at 9% per annum. The 1999 decree was appealed, and this court affirmed. *Middleton I, supra.*

On May 13, 2009, appellees filed a petition for writ of *scire facias* in Newton County to revive the 1999 decree. On July 17, 2009, appellants filed an answer to the petition admitting that the court had entered a decree in 1999, denying all other allegations, and asserting affirmative defenses of untimeliness and satisfaction. Also on July 17, 2009, appellants filed a motion for summary judgment arguing that the writ was untimely because it was filed more than ten years from the rendition of both the 1992 judgment and the 1999 decree in violation of Ark.Code Ann. § 16–65–501 (Repl.2005), and that the 1992 judgment was satisfied pursuant to Mo. Rev.Stat. § 516.350 because it was presumed paid after ten years. In response, appellees maintained that the judgment to be enforced was the 1999 decree, not the 1992 judgment; that regardless of when a judgment is rendered, pursuant to Rule 58 of the Arkansas Rules of Civil Procedure and Administrative Order No. 2(b)(2), a judgment is not effective until it is filed by the circuit clerk; that under Ark.Code Ann. § 16–65–501, the writ was timely filed within ten years from the date the 1999 decree was effectively rendered; and that to the extent that Ark.Code Ann. § 16–65–501 establishes a different procedure than Rule 58, the statute is an unconstitutional violation of separation of powers.

In an order filed April 21, 2011, the circuit court found that the dispute involved the timeliness of the writ of *scire facias* filed by appellees in an attempt to revive the 1999 decree; that Ark.Code Ann. § 16–65–501 allowed a judgment to be revived within ten years; that the ten-year window for reviving the 1999 decree

began on May 25, 1999, when the decree became effective; and that failure to revive the 1992 Missouri judgment was not persuasive as to the revival of the 1999 decree. The circuit court denied appellants' motion for summary judgment and ordered that the 1999 decree be revived for another ten-year period. Appellants filed a timely notice of appeal from the circuit court's order on May 17, 2011.

Where the issue is one of law, our review is de novo. *See Preston v. Stoops,* 373 Ark. 591, 285 S.W.3d 606 (2008). However, we will not reverse a circuit court's factual findings unless they are clearly erroneous. *Hickman v. Courtney,* 361 Ark. 5, 203 S.W.3d 632 (2005). A finding of fact made by a trial court sitting in equity is clearly erroneous when, despite supporting evidence in the record, the appellate court viewing all of the evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

For their first point for reversal, appellants assert that this case is solely an effort by appellees to collect on the 1992 judgment in an untimely fashion and that the viability of the 1999 decree is dependent on the viability of the 1992 judgment, which appellants assert is unenforceable under both Missouri and Arkansas law. The circuit court found that appellees were entitled to revive the 1999 decree independently of the 1992 judgment. Although appellants maintain that this was error, we conclude that the circuit court did not clearly err in finding that appellees are entitled to revive the 1999 decree.

In order to revive a judgment, a writ of *scire facias* must issue as dictated by statute:

(a) The plaintiff or his or her legal representatives at any time before the expiration of the lien of a judgment may sue out a scire facias to revive the judgment.

. . .

(e) If a scire facias is sued out before the termination of the lien of any judgment or decree, the lien of the judgment revived shall have relation to the day on which the scire facias issued.

(f) No scire facias to revive a judgment shall be issued except within ten (10) years from the date of the rendition of the judgment, or if the judgment shall have been previously revived, then within ten (10) years from the order of revivor.

Ark.Code Ann. § 16–65–501. A writ of *scire facias* is a writ issued requiring a person against whom it is brought to show cause why a judgment should not be revived. *Bohnsack v. Beck,* 294 Ark. 19, 740 S.W.2d 611 (1987). *Scire facias* is not the institution of a new suit but is a continuation of the old one, and its object is not to procure a new judgment for the debt but execution of the judgment that has already been obtained. *Towns v. Taylor,* 211 Ark. 880, 203 S.W.2d 190 (1947).

A decree is traditionally defined as "a judicial decision in a court of equity, admiralty, divorce, or probate—similar to a judgment of a court of law." *Black's Law Dictionary* 440 (8th ed.2004). In *Towns v. Taylor,* 211 Ark. at 885, 203 S.W.2d at 192, we noted the following:

> It is argued that a judgment for past-due alimony is not such a judgment as may be revived by scire facias, but that contention cannot be sustained. In the chapter, Scire Facias, 47 Am.Jur., Sec. 14, p. 471, it is said: "Strictly speaking, scire facias is a proceeding at law, and hence not available for the enforcement of decrees and other determinations of other courts. Where, however, a statute authorizes writs of execution to issue for the enforcement of decrees of probate, chancery, and other courts, such decrees are substantially placed on the same

> footing as a judgment of a court of law, and the power to prosecute proceedings thereon by scire facias is impliedly conferred."

In this case, the 1999 decree, which was entered in chancery court prior to the adoption of amendment 80 merging law and equity, set aside Kenneth's conveyance of the Middleton homeplace to Lynn and ordered the property sold at execution sale. We have recognized that chancery courts had the statutory power to issue writs of execution to enforce their decrees. *See Horn v. Horn,* 232 Ark. 723, 339 S.W.2d 852 (1960); *McGehee Bank of McGehee v. Charles W. Greeson & Sons,* 223 Ark. 18, 263 S.W.2d 901 (1954). Consequently, based on our reasoning in Towns, the 1999 decree was entitled to "the same footing" as a judgment, and the circuit court did not err in concluding that it could be revived by a writ of *scire facias.*

■ For their second point on appeal, appellants contend that the circuit court erred in finding that the writ of *scire facias* was filed timely so as to revive the 1999 decree. In particular, appellants maintain that the ten-year time frame contemplated by Ark.Code Ann. § 16–65–501 refers to "rendition of the judgment," which is when the court pronounces its decision as opposed to "entry of judgment," which refers to the date the clerk of the court enters the order on the record. Appellants claim that the circuit court rendered its judgment from the bench on March 25, 1999—rather than on May 25, 1999, when the decree was entered—and that appellees' petition for writ of *scire facias* was therefore untimely when filed on May 13, 2009.

Appellants argument on this point fails. We have rejected a distinction between the "rendering" of a judgment as referred to in statutes and "entry" of a judgment as

referred to in our rules. In *Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000), this court held that Ark.Code Ann. § 16–65–121, which generally provides that "[a]ll judgments, orders, and decrees rendered in open court by any court of record in the State of Arkansas are effective as to all parties of record from the date rendered and not from the date of entry of record," conflicted with Rule 58 of the Arkansas Rules of Civil Procedure, which provides that a judgment or decree is effective only when entered as provided by Administrative Order No. 2 (when it is stamped or marked by the clerk). We held that Rule 58 effectively superceded the statute. *Price*, 341 Ark. at 316, 16 S.W.3d at 251; *see also State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990) (holding that where conflicts arise between statute and our rules, our rules reign supreme unless the court rule's primary purpose and effectiveness are not compromised by the statute). Although the statute at issue here, Ark.Code Ann. § 16–65–501, has not been specifically addressed by this court in this context, we find no reason not to extend our conclusion in *Price*, which involved the more generally applicable Ark.Code Ann. § 16–65–121, to the *scire facias* statute involved here. Thus, we conclude that the circuit court did not err in finding that appellees timely revived the 1999 decree where they filed their writ of *scire facias* on May 13, 2009, within ten years from May 25, 1999, the effective date of the decree.

Appellants' final point on appeal is that the circuit court's 2011 order was vague, ambiguous, and lacked specific findings. We need not address this point because it has not been preserved for our review. It is well settled that this court will not consider arguments raised for the first time on appeal. *McCoy v. Montgom-*

*ery*, 370 Ark. 333, 259 S.W.3d 430 (2007). Here, appellants made their vague-and-ambiguous argument for the first time in a motion for clarification filed nineteen days after the circuit court's entry of its order. A request for the circuit court to amend its findings or make additional findings is untimely if not made within ten days of the entry of judgment. Ark. R. Civ. P. 52. Although appellants filed a motion for clarification of the court's findings, which would ordinarily be sufficient to preserve their arguments for appeal, they did so in an untimely fashion.[2] As such, the circuit court was not given an opportunity to rule on the issue, and it is not preserved for appeal. *See Brown v. SEECO, Inc.*, 316 Ark. 336, 871 S.W.2d 580 (1994) (refusing to consider vagueness of an injunctive order because in order to preserve an issue for appeal, the issue must be presented to the trial court for resolution).

Affirmed.

---

**2.** Even excluding holidays and weekends, as required by Ark. R. Civ. P. 6, the motion for clarification was untimely as to the entry of the circuit court's order.