SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–714

THOMAS OLIVER MURCHISON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** June 18, 2014

APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT
[NO. CR–2012-245]

HONORABLE MARCIA R. HEARNSBERGER, JUDGE

AFFIRMED

## BILL H. WALMSLEY, Judge

Appellant Thomas Oliver Murchison was convicted of driving while intoxicated, first offense, by the Hot Springs District Court.[1] Murchison appealed to the Garland County Circuit Court and filed a motion to suppress evidence of his intoxication. The trial court denied the motion and subsequently denied a motion for reconsideration of the same. Murchison then entered a conditional plea of no contest pursuant to Arkansas Rule of Criminal Procedure 24.3(b). On appeal to this court, Murchison argues that the trial court erred in denying his motion to suppress because there was no probable cause to stop his vehicle.[2] We affirm.

---

[1]Murchison was also charged with making an improper turn and careless driving, but the traffic violations were nolle prossed.

[2]When this case was first submitted, Murchison was ordered to supplement his addendum. *Murchison v. State*, 2014 Ark. App. 87.

Trooper Josh Heckel with the Arkansas State Police testified that on March 20, 2011, at approximately 3:00 a.m., he was on patrol on Highway 70 in Hot Springs. Heckel testified that Murchison's vehicle was "a little distance" ahead of his patrol car and behind a couple of other vehicles when he saw it "drift" into a turn lane near Cain Road without using a signal. Heckel stated that his dashboard camera recorded the subsequent events. According to Heckel, Murchison drove for about 575 feet in the turn lane and then turned left onto Adcock Road without using a turn signal. Heckel conceded that Murchison's failure to use his turn signal did not impact his (Heckel's) driving. Heckel stated that, when Murchison turned onto Adcock Road, he did not feel like he had "enough" for a traffic stop. Heckel followed Murchison and noted that, when Murchison turned left onto Marion Andersen Road, he again failed to use his turn signal. In a curve around Morphew Road, Heckel saw a portion of Murchison's tire cross the fog line. Heckel testified that he stopped Murchison and that, when he approached Murchison's vehicle to obtain his driver's license, he smelled alcohol on Murchison's breath. Heckel then administered three field-sobriety tests, which Murchison failed. The evidence indicates that Murchison's blood–alcohol content registered .11.

Arkansas Code Annotated section 27–51–403 (Repl. 2010) provides:

(a) No person shall turn a vehicle from a direct course upon a highway unless and until the movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by the movement or after giving an appropriate signal in the manner provided in subsection (b) of this section in the event any other vehicle may be affected by the movement.

(b) A signal of intention to change lanes or to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle

before changing lanes or turning.

> (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided in this subchapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

In denying Murchison's motion to suppress, the trial court ruled from the bench that Murchison had committed several traffic violations, any one of which constituted probable cause for a traffic stop. The trial court specifically found that Heckel was a driver who was affected by Murchison's movement given that he was following Murchison's vehicle. Relying on our decision in *Mitchell v. State*, 2012 Ark. App. 128, the trial court concluded that Heckel could have reasonably believed that a traffic violation had occurred.

*Mitchell* also involved a traffic stop by Trooper Heckel. In that case, Heckel was in front of Mitchell's car when he saw from his rearview and side mirrors that Mitchell turned at an intersection but did not use his turn signal. Mitchell appealed his conviction for DWI, arguing to this court that he could not have violated any traffic law because Heckel could not have been affected by his failure to use a turn signal given that Heckel was in front of him and there were no other cars around. This court cited an opinion of the Arkansas Attorney General interpreting Ark. Code Ann. § 27-51-403 to mean that other traffic must be present before the obligation to use a turn signal arises. Op. Ark. Att'y Gen. No. 142 (2010). This court agreed with that interpretation; however, we declined to decide whether Mitchell was required to use a turn signal. Rather, this court held that it was a "close enough question" whether Heckel's vehicle may have been affected by the movement of Mitchell's car that a person of reasonable caution might believe that a violation of the turn-signal law had

occurred.

Murchison argues that none of Heckel's observations established probable cause, individually or collectively, because he had committed no traffic violations. In particular, Murchison contends that he did not violate the turn-signal law when turning onto Adcock Road because there was no oncoming traffic that might have been affected. According to Murchison, the trial court mischaracterized evidence in finding that Heckel was a driver who was affected by his failure to use a turn signal because Heckel specifically testified that he was not affected, which Murchison contends distinguishes his case from the facts in *Mitchell*.

In reviewing a trial court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error, giving due weight to inferences drawn by the trial court and proper deference to the trial court's findings, and determining whether those facts give rise to reasonable suspicion or probable cause. *Lewis v. State*, 2013 Ark. App. 39. We reverse only if the trial court's ruling is clearly against the preponderance of the evidence. *Ford v. State*, 2010 Ark. App. 795.

In order for a police officer to make a traffic stop, he must have probable cause to believe that the driver of the vehicle has violated a traffic law. *Mosley v. State*, 2009 Ark. App. 799, 370 S.W.3d 273. Probable cause is defined as facts or circumstances within a law enforcement officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed. *Ford*, *supra*. In assessing the existence of probable cause, our review is liberal rather than strict. *Id*. Whether a police officer has

probable cause to make a traffic stop does not depend on whether the driver was actually guilty of the violation that the officer believed occurred. *Mosley*, *supra*.

The question of the correct application and interpretation of an Arkansas statute is a question of law, which an appellate court decides de novo. *Rose v. Harbor E., Inc.*, 2013 Ark. 496, ___ S.W.3d ___. An appellate court is not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct. *Id.*

Section 27-51-403 provides that a violation occurs if a person makes a turn without using an appropriate signal "in the event any other vehicle may be affected by the movement." The statute does not define what conditions must be present for a vehicle to be "affected" by another vehicle's movement. One could reasonably conclude that, given the use of the words "may" and "in the event," the statute refers to the potential for another vehicle to be affected viewed from an objective standpoint. While Heckel asserted that Murchison's movement did not actually impede his driving, the trial court did not err in its determination. Regardless of the correct interpretation of the statute, it is unnecessary for this court to determine whether Murchison violated section 27-51-403 because we hold that a person of reasonable caution could believe that a traffic offense had been committed. *Mitchell*, *supra*; *Mosley*, *supra*.

We cannot say that the trial court's denial of Murchison's motion to suppress was clearly against the preponderance of the evidence. Our holding that there was probable cause

for the traffic stop renders Murchison's other points moot.[3]

Affirmed.

HARRISON and WYNNE, JJ., agree.

*Chisenhall, Nestrud & Julian, P.A.*, by: *Jim Julian*; and *Brent A. Miller*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

---

[3]To the extent that the trial court's written order suggests that reasonable suspicion was sufficient for this traffic stop, we note that there was no testimony that Heckel believed Murchison might have been driving under the influence of intoxicating substances. An appellate court can affirm if the trial court reached the right result albeit for the wrong reason. *Neal v. State*, 375 Ark. 389, 291 S.W.3d 160 (2009).