# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–44

|  |  |
|---|---|
| MARGARET SUZANNE HORNE<br>APPELLANT<br><br>V.<br><br>EUNICE ERNESTINE CUTHBERT<br>APPELLEE | **Opinion Delivered** October 21, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CV-2013-143]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>REVERSED AND DISMISSED |

**LARRY D. VAUGHT, Judge**

The Sebastian County Circuit Court ordered foreclosure of a judgment lien based on a judgment that Eunice Cuthbert obtained against her former husband, John Horne, in 1978 and periodically revived. Horne's widow, Margaret Horne, brings this appeal, arguing, among other points, that certain orders reviving the judgment were void for lack of proper service. We agree, and reverse and dismiss.

Cuthbert and John Horne were divorced in 1970. Horne was ordered to pay both alimony and child support. He married Margaret Horne in 1978. In October

1978, Cuthbert obtained a judgment against her ex-husband for unpaid child support and alimony of approximately $15,300.[1]

On October 6, 1981, Cuthbert filed a motion for revivor of judgment. A writ of scire facias was issued, but was returned unserved. On January 15, 1982, another writ of scire facias was issued and served on January 20, 1982. An order of revivor of judgment was entered in favor of Cuthbert on March 2, 1982. The order stated that Cuthbert's judgment lien related back to issuance of the writ of scire facias, and was extended for a period of three years, until March 2, 1985.[2]

Cuthbert filed a motion for revivor on April 25, 1985, seeking to again extend her judgment lien. According to the divorce court's docket sheet, the motion and writ were not served upon John Horne until May 7, 1985. An order of revivor of judgment lien was entered on April 29, 1985.

On August 31, 1988, Cuthbert filed another motion to revive judgment lien asking, in part, that the judgment lien be revived for "another period of 10 years."

---

[1]The judgment was broken down into $9,100 for unpaid alimony and $6,190 in unpaid child support.

[2]At the time Cuthbert obtained the 1978 judgment, what is now Ark. Code Ann. § 16-65-117(d)(1) (Supp. 2013) provided that a judgment lien would expire after three years and may be revived. In 1985, the General Assembly adopted Act 228, which was effective June 28, 1985. The Act provided that the lien would extend for a period of ten years and may be revived. The Act also amended what is now Ark. Code Ann. § 16-65-501(f) (Supp. 2013) for a corresponding period of ten years.

The writ of scire facias was issued and served on John Horne on September 1, 1988. An order of revivor of judgment lien was entered on September 6, 1988.

Cuthbert sought another writ of scire facias on July 23, 1998. The writ issued the same day, but was not served until August 19, 1998. An order of revivor of judgment lien had been entered on July 23, 1998.

On June 27, 2008, Cuthbert filed another motion to revive judgment lien and caused another writ of scire facias to be issued. The writ, however, was not served until July 3, 2008. An order of revivor of judgment lien was entered on June 30, 2008.

John Horne died in May 2012.

In February 2014, Cuthbert filed the present case seeking to foreclose on her judgment lien against property that she alleged had been owned by John Horne during his life. She sought a declaratory judgment finding that the lien of the 1978 judgment is prior and paramount to the right, title, or possession of Margaret Horne in the real property, or alternatively, a finding that Horne holds such real property as a constructive trustee, to be ordered conveyed to Cuthbert.

Horne's answer denied the material allegations of the complaint other than the existence of the judgment and that John Horne acquired and conveyed real property during his lifetime. Horne also pled the affirmative defenses of estoppel, laches, statute of a him and him and limitations, waiver, and other affirmative defenses.

After the circuit court denied Horne's motion to dismiss and motion for summary judgment, the case proceeded to a bench trial. In its findings of fact, the court first set forth the chronology of the prior lien revivors. In doing so, the court noted that entry of the order reviving the lien preceded service of the writ in the 1985, 1998, and 2008 revivor proceedings. The court found that Cuthbert's claim was not barred by laches because she was not guilty of an unreasonable delay in asserting her rights and that Horne had not proved a detrimental change in her position as a result of any delay. The court found that Horne admitted in discovery answers that John Horne owned interests in certain property after the initial judgment had been entered. The court further found that other evidence showed that John Horne had an interest in other properties. Cuthbert was declared entitled to a judgment ordering the sale of the property as was necessary to satisfy her lien. Judgment was entered on October 7, 2014. This appeal followed the circuit court's denial of Horne's motion for new trial or to amend the court's findings of fact and conclusions of law.

Our standard of review on appeal from a bench trial is not whether there is substantial evidence to support the findings of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *City of Rockport v. City of Malvern*, 2010 Ark. 449, 374 S.W.3d 660. Disputed facts and determinations of credibility are within the province of the fact-

finder. *Id.* A circuit court's conclusions of law, however, are given no deference on appeal. *Id.*

Horne first argues that the orders reviving the judgment lien in 1985, 1998, and 2008 are void because Cuthbert failed to serve her petitions and the writs of scire facias on John Horne prior to obtaining orders extending the judgment lien. We agree.

A writ of scire facias is a writ issued requiring a person against whom it is brought to show cause why a judgment should not be revived. *See Rose v. Harbor E., Inc.*, 2013 Ark. 496, 430 S.W.3d 773. Scire facias is not the institution of a new suit but is a continuation of the old one, and its object is not to procure a new judgment for the debt but to execute the judgment that has already been obtained. *Id.* Section 16-65-501 of the Arkansas Code governs the issuance of a writ for scire facias and provides, in pertinent part, as follows:

> (a) The plaintiff or his or her legal representatives may, at any time before the expiration of the lien on any judgment, sue out a scire facias to revive the judgment.

> (b) The scire facias shall be served on the defendant or his or her legal representatives, terre-tenants, or other person occupying the land, and may be directed to and served in any county in this state.

> . . . .

> (d) If upon service or publication of the scire facias, . . . the defendant or any other person interested does not appear and show cause why such judgment or decree shall not be revived, the judgment shall be revived and the

lien continued for another period of ten (10) years and so on from time to time as often as may be necessary.

>    (e) If a scire facias is sued out before the termination of the lien of any judgment or decree, the lien of the judgment revived shall have relation to the day on which the scire facias issued. However, if the lien of any judgment or decree has expired before suing out the scire facias, the judgment of revival shall be only a lien from the time of the rendition of the judgment.

>    (f) No scire facias to revive the judgment shall be issued except within ten (10) years from the date of the rendition of the judgment, or if the judgment shall have been previously revived, then within ten (10) years from the order of revivor.

Ark. Code Ann. § 16-65-501 (Repl. 2013).

In response to Horne's reliance on *Rose*, Cuthbert attempts to distinguish it. She argues that, because no writ was issued in *Rose*, it could never be served, while she always obtained service on her former husband. However, the *Rose* court rejected the appellant's argument that, by serving the petition itself, he complied with the statute. Because there was service, albeit without the writ itself, in *Rose*, Cuthbert's attempted distinction fails.

Cuthbert also argues that *Rose* does not require service of the writ prior to entry of the order reviving the judgment lien. This argument is belied by the statute itself. Service of the writ is required by Ark. Code Ann. § 16-65-501(b). Personal service is not necessarily required because section 16-65-501(c) allows for service by posting if the judgment debtor cannot be located and served. *Bohnsack v. Beck*, 294 Ark. 19, 740 S.W.2d 611 (1987). If upon service of the scire facias, the defendant or

any other person interested does not appear and show cause why such judgment shall not be revived, the judgment *shall* be revived and the lien continued for another period of ten years. Ark. Code Ann. § 16-65-501(d). If the purpose of the writ is to require the judgment debtor to show cause why the judgment should not be extended, then service *before* entry of the order extending the lien is required, otherwise the judgment debtor is denied a meaningful chance to be heard.

As the *Rose* court noted,

> Arkansas Code Annotated § 16-65-108 . . . Provides that "[a]ll judgments, orders, sentences, and decrees made, rendered, or pronounced by any of the courts of the state against anyone without notice, actual or constructive, and all proceedings had under judgments, orders, sentences, or decrees shall be absolutely null and void." And as this court has observed, a judgment rendered without notice to the parties is void. When there has been no proper service and, therefore, no personal jurisdiction over the defendants in a case, any judgment is void ab initio.

*Rose*, 2013 Ark. 496, at 10, 430 S.W.3d at 779–80 (citations omitted) (alteration in original).

Because there was no service of the writ of scire facias in accord with our statute's service requirements prior to the entry of the orders reviving Cuthbert's judgment lien in 1985, 1998, and 2008, we hold that the orders reviving the lien are void ab initio. As more than ten years have elapsed since Cuthbert obtained a valid reviver of her lien, *see* Ark. Code Ann. § 16-65-501(f), her lien expired and there is

no basis for her complaint for foreclosure. Accordingly, we reverse the judgment of the circuit court and dismiss Cuthbert's complaint.[3]

Reversed and dismissed.

VIRDEN and GLOVER, JJ., agree.

*Kenneth W. Cowan, PLC*, by: *Kenneth W. Cowan*, for appellant.

*Hardin, Jesson & Terry, PLC*, by: *Rex M. Terry*, for appellee.

---

[3]We express no opinion on whether Cuthbert's underlying judgment remains valid.