Cite as 2020 Ark. 377

# SUPREME COURT OF ARKANSAS

**No.** CV–20–344

| | |
|---|---|
| ROY RUSSELL, SR. | **Opinion Delivered:** November 19, 2020 |
| APPELLANT | PRO SE APPEAL FROM THE |
| V. | CHICOT COUNTY CIRCUIT COURT |
| | [NO. 09CV-20-32-3] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | |
| | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Roy Russell, Sr. appeals the denial of his pro se petition for writ of habeas corpus. Russell challenges a chief justice's authority to appoint a special judge as a jurisdictional barrier to his conviction. We find no error and affirm.

## I. *Background*

In 2013, two days before Russell's scheduled jury trial, Chief Justice Hannah appointed the Honorable Ted Capeheart, retired circuit judge, to preside in the place of an elected circuit court judge who had suddenly fallen ill. The appointment order stated that Judge Capeheart was to preside on August 7 and 8 of 2013. A jury found Russell guilty of battery in the second degree and of being a felon in possession of a firearm and sentenced him as a habitual offender to serve consecutive sentences of 180 months' imprisonment and 480 months' imprisonment, respectively, for a total of 660 months. The first sentencing order entered in the case stated each offense and sentence, but mistakenly stated that the

aggregate term was 480 months, rather than 660 months. Judge Capeheart signed an amended sentencing order on August 14, 2013, stating that the aggregate sentence was 660 months' imprisonment.

Twice, Russell has filed habeas petitions alleging Judge Capeheart lacked authority to preside over his case and enter the amended sentencing order. This court rejected both. *See Russell v. Kelley*, 2019 Ark. 278, 585 S.W.3d 658; *Russell v. Kelley*, 2016 Ark. 224. Now, Russell contests Chief Justice Hannah's authority to appoint Judge Capeheart. Again, we affirm.

## II. *Grounds for Issuance of the Writ*

This court will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment and commitment order is facially invalid or when a circuit court lacks jurisdiction over the case. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Subject-matter jurisdiction is the power of the court to hear and determine the subject in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has both personal jurisdiction over the appellant and jurisdiction over the subject matter, the court can adjudicate the case. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

### III. *Claim for Relief*

Russell contends that the Chief Justice did not have jurisdiction to appoint a special judge in his criminal trial until every circuit judge in the judicial district had recused. He alleges this did not occur. Therefore, Judge Capeheart was without jurisdiction, and he is being illegally detained.

We recently rejected Russell's precise argument. *See Dawson v. Stoner-Sellers*, 2019 Ark. 410, 591 S.W.3d 299. In *Dawson*, we explained that Amendment 80 of the Arkansas Constitution provides that the Chief Justice shall appoint special judges according to the rules prescribed by the Supreme Court. *Id*.; Ark. Const. amend. 80 § 13(C). And section (II) of Administrative Order Number 16 provides that the Chief Justice has the authority to assign a special judge if the Chief Justice determines an "other need" for the appointment of a special judge. *Id*. at 6–7, 591 S.W.3d at 304. Here, because the record reflects the sitting judge had a sudden illness, an "other need" existed for an appointment of a special judge. Therefore, the Chief Justice had the constitutional authority to appoint Judge Capeheart, who consequently had the jurisdiction and authority to preside over Russell's case.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority's reliance on *Dawson v. Stoner-Sellers*, 2019 Ark. 410, 591 S.W.3d 299 is misplaced. In *Dawson*, this court conflated the Chief Justice's authority to determine whether there is "other need" for a special circuit judge with the existence of the proper circumstances justifying that determination. Administrative Order No. 16(III)(A) sets forth as a basic requirement for

3

appointing a special circuit judge that "all the judges in the circuit have recused." The record is silent on this fundamental requirement.

As I stated in *Dawson*, the Chief Justice's authority to appoint a special judge arises from the supreme court's general superintending authority over the inferior courts of this state. Ark. Const. amend. 80, § 4. The power is vested in the court as a whole; the Chief Justice only "administers" this authority. Ark. Const. amend. 80, § 4. The Chief Justice's authority is given to him by the court via our standing administrative order.

As in Dawson, it is not disputed that there is no proof that all of the judges in the judicial district recused. Accordingly, the Chief Justice did not have the authority to appoint retired judge Ted Capeheart to try the case. When a circuit judge elected by the people of that judicial district is available, he or she must serve before another judge may be appointed. *Smith v. Wright*, 2015 Ark. 189, 461 S.W.3d 687.

Jurisdiction is the power or authority of the court to act. *W. Memphis Sch. Dist. v. Circuit Court of Crittenden Cty.*, 316 Ark. 290, 871 S.W.2d 368 (1994). When a circuit court acts without jurisdiction, its orders and judgments are void. *Rose v. Harbor E., Inc.*, 2013 Ark. 496, 430 S.W.3d 773. Because the Chief Justice failed to comply with the Arkansas Constitution and Administrative Order No. 16, appointment of a retired judge was unlawful, and Mr. Capeheart had no authority to hear this case.

This appointment fails to comply with the clear language of the grant of authority requiring all judges in the district to recuse or for other reasons be unable to sit before the Chief Justice can appoint. The "inability to serve" is based on the reasons provided by the elected judge whose job is to sit on these cases. Thus, the chief justice lacks authority to

appoint a special judge unless and until all the circuit judges in the district have articulated their inability to serve. A special judge appointed by the chief justice before that point in time is without proper jurisdiction to act.

I respectfully dissent.

*Roy Russell, Sr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.